# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40178
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2016

Lyle W. Cayce
Clerk

JIMMY HORACE OAKLEY,

Plaintiff-Appellant

v.

L. HUDSON, UTMB Provider,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-102

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jimmy Horace Oakley, Texas inmate # 1342656, filed a pro se 42 U.S.C. § 1983 suit against Nurse Practitioner Lori Hudson and other officials at the Texas Department of Criminal Justice. Relevant to the instant appeal, he alleged that Hudson violated the Eighth Amendment when she failed to provide dental necessities and delayed treatment for an infection he incurred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after his jaw was wired shut.  The district court granted summary judgment in favor of Hudson based on her qualified immunity.

Oakley argues that a material issue of genuine fact exists whether Hudson was deliberately indifferent to his serious medical needs in failing to schedule follow-up appointments and in failing to determine why his infection persisted.  To the extent that Oakley has not argued his district court assertion that Hudson also was deliberately indifferent when she failed to supply dental supplies, he has abandoned it.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review a grant of summary judgment de novo and consider it proper when a movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003); FED. R. CIV. P. 56(a).  We construe all facts and inferences in the light most favorable to the nonmoving party.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  Oakley has the burden of rebutting Hudson's qualified immunity defense.  *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).  To do so, he must show that she violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008) (internal quotation marks and citation omitted).  If the court determines that the alleged conduct did not violate a constitutional right, the inquiry ceases.  *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009).

Oakley's challenge to Dr. Adams's affidavit is unavailing.  Oakley's assertion that the affidavit was given in bad faith is conclusory and not supported by the record.  Moreover, to the extent that the affidavit comported with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the district court did not abuse its discretion in relying on it.  *See Gomez v.*

No. 15-40178

*St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006); FED. R. EVID. 702.

The Eighth Amendment proscribes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Non-life-threatening injuries are a serious medical need where the injuries induced severe pain. *See, e.g., Harris v. Hegmann*, 198 F.3d 153, 159-60 (5th Cir. 1999) (holding that an inmate with a broken jaw and "excruciating pain" stated a claim for relief); *see also Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006); (finding an open wound posed a substantial health risk). Given that Oakley required medication to manage his pain, reported pain at levels 6, 8, and 10, and his condition warranted surgery, medical attention to his infected jaw constituted a serious medical need. *See Gobert*, 463 F.3d at 345 n.12.

To substantiate his claim, however, Oakley also had to show that Hudson "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. at 346 (internal quotation marks and citation omitted). Although the summary judgment evidence conflicts with respect to who was responsible for ensuring that Oakley had a follow-up appointment on April 11, 2011, Oakley fails to demonstrate that the disputed fact is material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Even if Oakley's infection was the direct result of delayed follow-up appointments and antibiotics, and Hudson was the party responsible for scheduling those appointments and administering the correct medicine, the undisputed summary judgment evidence does not show that Hudson ignored Oakley's complaints or otherwise evinced "a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346 (internal quotation marks and citation omitted).

No. 15-40178

The evidence reflects that on April 4, 2011, after Oakley complained to Nurse Gregory of level 10 pain, Hudson submitted an expedited referral to the HG Specialty Clinic for a follow-up appointment. When Oakley saw Hudson on May 2, 2011, and she observed that his jaw was bleeding, she consulted Dr. Turner, the dentist who had treated Oakley on April 26, 2011, and arranged to have the May 16 appointment at HG's Oral Surgery Clinic moved up to May 9. Oakley was transported to HG's Oral Surgery Clinic on May 9, 2011, and again on May 16, 2011.

Hudson also arranged for a dental appointment on July 8, 2011, upon seeing that Oakley's jaw was infected. Hudson ordered pain medicine when Oakley requested it, and she corrected the problem when, after his June 24, 2011 surgery, he was not getting antibiotics. After his visit to the HG Oral Surgery Clinic on July 11, 2011, Hudson administered antibiotics and pain medication.

To the extent that Hudson did not receive the initial follow-up appointment and there were glitches in his receiving antibiotics, the evidence, viewed in Oakley's favor, at best points to negligent conduct. The negligent failure to schedule an appointment does not amount to deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir. 1986). Thus, Oakley's allegations are insufficient to raise a genuine dispute as to any material fact. *See Gobert*, 463 F.3d at 348 n.27.

Accordingly, the judgment of the district court is AFFIRMED.